CATHERINE HOPPER, EXECUTRIX, v. DANIEL E. SMITH ET AL., EXECUTORS.

Argued November 10, 1903—Decided February 28, 1905.

*Form of execution to collect costs awarded by the Court of Errors and Appeals.*

For the defendants, *William Nelson* moves to set aside *fieri facias.*

PER CURIAM.

Pending a writ of error to review a judgment of this court the execution issued on the judgment was returned satisfied. Afterwards a *remittitur* from the Court of Errors and Appeals was filed showing an award to the plaintiff of costs in the Court of Errors and Appeals. Thereupon the plaintiff issued an *alias fieri facias* commanding the sheriff to make the amount of the judgment rendered in this court, but endorsed with a direction to levy that amount, and also the costs on error.

This was manifestly improper, and the writ must be set aside, with costs of this motion.

If, when the *fieri facias* was issued, the judgment of this court had been unsatisfied and the *remittitur* had been filed, the writ should have commanded the sheriff to make the amount of our judgment, and also the costs awarded by the Court of Errors and Appeals.  But as our judgment was already satisfied when the *fieri facias* issued, the writ should have been confined to the costs on error.  In either case the command to make those costs should have been expressed in the body of the writ, for they are not an incident of our judgment, but depend upon and form an integral element of the judgment of the Court of Errors and Appeals.

The statute (*Gen. Stat., p.* 1457) authorizes the collection of those costs by execution, and the writ issues out of this court merely because the Court of Errors and Appeals does not issue such writs.

The suggestion respecting the *quantum* of "double costs" is disposed of by the decision in *Mairs* v. *Sparks,* 2 *South.* *513.  See, also, *Shields* v. *Lozier,* 5 *Vroom* 530.  "Double costs," in our practice, means twice the amount of ordinary costs.